**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Brandon Fecteau

   v.                                                    Civil No. 08-cv-368-JL

Warden, New Hampshire State Prison

**O R D E R**

Pro se petitioner Brandon Fecteau has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Fecteau is entitled to relief. I therefore order him to amend the petition to demonstrate exhaustion of each claim before I will direct that the petition be answered.

**Background**

Convicted by the New Hampshire Superior Court (Strafford County) of five counts of first degree assault, Fecteau was sentenced to a term of imprisonment on April 17, 2006. He is currently serving his sentence at the New Hampshire State Prison ("NHSP"). He allegedly filed a direct appeal with the New Hampshire Supreme Court ("NHSC") in which he raised the following claims:

1. lack of competency to stand trial;

2. insufficiency of evidence to sustain the convictions;

3. exclusion and/or restriction of necessary witnesses and testimony;

4. introduction of evidence without a proper foundation;

5. denial of the right to confrontation;

6. denial of due process; and

7. denial of the right to a fair trial by an impartial jury.

The NHSC affirmed his conviction on September 11, 2007.

Fecteau now brings the instant petition, which I liberally construe to allege the following grounds for federal habeas corpus relief:

1.  denial of the right to due process, the right to a fair trial and the right to confront witnesses where (1) Fecteau was incompetent to stand trial, (2) the trial court allowed improper testimony of the State's expert witness with regard to the competency issue, (3) the trial court discounted the testimony of Fecteau's expert witness because he was a psychologist rather than a psychiatrist, (4) the trial court denied Fecteau a Daubert hearing[1] and (5) the State failed to present sufficient evidence of Fecteau's competency (Ground 1);

2.  evidence at trial was insufficient to sustain five separate convictions where the State charged Fecteau with multiple assaults but failed to prove each assault (Ground 2);[2]

3.  denial of the right to due process, the right to a fair trial by an impartial jury and the right to confront and cross-examine witnesses when the trial court excluded and/or limited exculpatory evidence, witness testimony and cross-examination of witnesses (Ground 3); and

4.  denial of the right to due process, the right to a fair trial by an impartial jury and the right to confront witnesses when the trial court permitted the State to introduce physical evidence and witness testimony without a proper foundation

---

[1] See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)(explaining that "the Rules of Evidence . . . assign to the trial judge the task of ensuring that an expert's testimony . . . rests on a reliable foundation"); accord Blake v. Pellegrino, 329 F.3d 43, 47 (1st Cir. 2003).

[2] In amending his petition, Fecteau should identify the federal nature of his claim.

(Ground 4).³

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I. Custody and Exhaustion

To be eligible for habeas relief, Fecteau must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective

---

³In amending his petition, Fecteau is cautioned that perceived errors of state law generally are not cognizable under federal habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")

4

state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Fecteau v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody. However, Fecteau fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim. Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Fecteau, 513 U.S. at 365–66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). "[T]he exhaustion principle

holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Fecteau raises four grounds for federal habeas corpus relief. He has not adequately demonstrated that he presented each claim and the federal nature of each claim to the NHSC for review. While he has provided excerpts of an appeal to the NHSC, the document submitted is incomplete and fails to demonstrate that he has raised the federal nature of his claims. Furthermore, Fecteau has not provided a copy of the NHSC's dispositive order. Accordingly, he has failed to clearly demonstrate exhaustion of state remedies as to the four claims raised in his federal petition. To demonstrate exhaustion of his claims, Fecteau must provide this Court with complete copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for

review in the state courts).  In particular, he should provide this Court with a complete copy of the appeal filed with the NHSC, a copy of any related memoranda and a copy of the NHSC's order of September 11, 2007.  He may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II.  Stay

I will give Fecteau the opportunity to amend his complaint to demonstrate exhaustion of the claims for which exhaustion has not yet been demonstrated and the federal nature of those claims.  To that end, Fecteau is directed that, within thirty days of the date of this Order, he must:

1.  Amend his petition to demonstrate that the claims, including the federal nature of each claim, has in fact been exhausted; or, if the claims have not yet been exhausted,

2.  Move to stay this action so that Fecteau may return to the state courts to exhaust the unexhausted claims.  If he elects to stay this action and return to the state courts to complete exhaustion, he must file his state court action within thirty days of the date of this Order.  While this matter is stayed,

Fecteau must notify this Court of the status of his state court matter every ninety days. Once the New Hampshire Supreme Court has issued a final decision, he must so notify this Court within thirty days of that decision, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that the claims, including the federal nature of the claims, have been raised and exhausted. Fecteau should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to the claims.

Should Fecteau fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[4]  See 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 29, 2008

cc:  Brandon Fecteau, pro se

---

[4] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural, and not based on the merits of Fecteau's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).